# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT of TEXAS
# SAN ANTONIO DIVISION

JOSHUA EARLY, §
TDCJ # 1575636, §
§
      Petitioner §
§
v. § Civil Action
§ No. SA-10-CA-673-XR
RICK THALER, §
Texas Department of Criminal Justice §
Correctional Institutions Division Director, §
§
      Respondent §

## MEMORANDUM DECISION

Before the Court are petitioner Joshua Early's 28 U.S.C. § 2254 habeas corpus petition (Docket Entry No. 1) and respondent's answer (Docket Entry No. 14).

### I.

Petitioner challenges TDCJ disciplinary proceeding number 20100156867 conducted on February 12, 2010, in which he was found guilty of threatening to inflict harm and creating a disturbance. As a result of this proceeding, petitioner lost 180 days of good-time, lost forty-five days of commissary and recreation privileges, and his good-time earning classification was reduced.

### II.

Respondent notes petitioner is incarcerated due to a conviction in Travis County, which is within the jurisdiction of the United States District Court for the Western District of Texas. However, petitioner is incarcerated in Brazoria County, Texas, which is within the jurisdiction of the United States District Court for the Southern District of Texas. Respondent's answer includes a motion to transfer venue to the Southern District, because that would be a more convenient forum in the event a hearing is necessary. Respondent's motion to transfer venue (Docket Entry No. 14) is **DENIED**.

## III.

Petitioner has filed a motion for summary judgment, contending respondent did not answer by the extended due date of November 19, 2010. Respondent filed the answer on November 15, 2010. Petitioner's motion for summary judgment (Docket Entry No. 18) is **DENIED**.

## IV.

In two documents (Docket Entry No. 16 & 17), petitioner refers to an appeal he filed in this case. Petitioner did not file an appeal. He filed a non-consent to having the case decided by the United States Magistrate Judge, but that was not an appeal.

## V.

Petitioner alleges the following:

(1) The conviction was obtained by the use of evidence obtained from an unlawful arrest, because he was arrested on false accusations, and he was threatened, insulted, and faced mental distress;

(2) Other officers were present, but their testimony was not considered;

(3) Petitioner was denied a witness at the hearing for stipulated reasons;

(4) The conviction was obtained by the use of false statements, the evidence did not support the accusations, and the accusing officer's testimony was the only evidence provided.

(5) Officers who were present during the confrontation between petitioner and the accusing officer were not present for the hearing;[1]

---

[1] Petitioner contends in part, "The only evidence provide was the accusing officer's testimony. My witness was never acknowledge nor were the officer's present during the [confrontation]." The Court reads the petition as complaining that officers, who were present during the confrontation between petitioner and the accusing officer, did not testify at the hearing, which petitioner also alleges in another ground. However, Respondent reads the petition as claiming that the charging officer was not present for the hearing, and the Court will also consider petitioner to have also raised a challenge on that ground.

(6) The conviction was improperly obtained by use of his disciplinary record;[2]

(7) The prosecution failed to tell petitioner about evidence favorable to him, because the prosecution did not acknowledge petitioner's substantial evidence; and

(8) The accusing officer made false statements out of spite and retaliation.

## VI.

Respondent asserts that several of petitioner's grounds are unexhausted. "[A] federal court may not grant habeas corpus relief to a petitioner [challenging state prison disciplinary proceedings] who has failed to exhaust all administrative remedies." *Baxter v. Estelle*, 614 F. 2d 1030, 1031 (5th Cir. 1980). TDCJ rules provide a two-step grievance procedure. A step-1 grievance, which must be filed within fifteen days of the incident, is addressed by the unit grievance coordinator. If the grievance is denied, the prisoner may file a step-2 grievance within fifteen days with the division grievance investigator.

The record shows petitioner filed a step-1 grievance and a step-2 grievance. However, petitioner's grounds concerning (6) his guilt being based on his disciplinary record and (8) the accusing officer having acted out of spite and retaliation were raised in his step-1 grievance but not in his step-2 grievance. Petitioner's ground concerning (5) the charging officer not being present (as one of petitioner's grounds is read by respondent) was raised in the step-2 grievance but not in the step-1 grievance. The grounds concerning (1) unlawful arrest on false pretenses, (2) the lack of testimony from other officers who were present, and (7) the non-disclosure of favorable evidence were not raised in the step-1 grievance or the step-2 grievance.

Thus, petitioner failed to exhaust all of his administrative remedies as to these claims. Furthermore, because the time limits for seeking administrative relief have long expired and such relief

---

[2]Petitioner contends that the factual reason for the verdict was his prior disciplinary history, although he only had two minor non-violent offenses in his prior record.

is barred, these claims are procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 161 (1996); *Ogan v. Cockrell*, 297 F.3d 349, 358 n.6 (5th Cir. 2002); *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir. 2001). Therefore, Petitioner's grounds concerning (1) unlawful arrest on false pretenses; (2) the lack of testimony from other officers who were present; (5) the charging officer not being present (as one of petitioner's grounds is read by respondent); (6) his guilt being based on his disciplinary record; (7) the non-disclosure of favorable evidence; and (8) the accusing officer acted out of spite and retaliation are all unexhausted and thus procedurally barred.

The only claims that petitioner exhausted by raising in both the step-1 grievance and step-2 grievance are (3) denial of a witness at the hearing for stipulated reasons and (4) insufficient evidence and use of false statements. This Court notes that the claim of (1) an arrest on false pretenses is essentially the same as claiming there was insufficient evidence to support the verdicts. This Court also notes that the claim of (7) non-disclosure of favorable evidence appears to really contend that the hearing officer did not consider testimony of petitioner's witness. However, to the extent those claims (1) and (7) are different from the claims of (4) insufficient evidence and (3) denial of a witness, claims (1) and (7) are unexhausted and procedurally barred.

## VII.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) governing § 2254 proceedings requires that the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Disciplinary proceedings are reviewable through federal habeas corpus where the petitioner shows the disciplinary proceedings denied him a liberty interest protected by the Due Process Clause; typically such a protected liberty interest consists of lost good-time where the loss of good-time will affect the duration of the petitioner's sentence. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974).

Petitioner lost good-time, and he is eligible for mandatory supervision. Therefore, petitioner has a liberty interest protected by the Due Process Clause.

This Court's authority to review prison disciplinary proceedings is limited to the following:

> The minimum positive procedural rights accorded to prisoners [are] (1) advance notice of claimed violation, (2) a written statement of the fact finders as to the evidence relied upon and a reason for disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence. The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious. The question [this Court] must consider is whether a decision is supported by "some" evidence or whether any evidence at all supports the action taken by the prison officials. A federal court does not sit to review de novo evidence supporting prison disciplinary action, but only to redress due process violations.

*Banuelos v. McFarland*, 41 F. 3d 232, 234 (5th Cir. 1995).

## VIII.

Petitioner claims the evidence was insufficient. He also contends the verdicts were based on false statements.

"Ascertaining whether [the due process] standard is satisfied does not require an examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 455-56 (1983). "Federal Courts will not review the

sufficiency of the evidence at a disciplinary hearing; a finding of guilt requires only the support of 'some facts' or 'any evidence at all.'" *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986) (citation omitted).

Petitioner was charged with and convicted of threatening to inflict harm and creating a disturbance. Specifically, it was alleged that petitioner threatened to inflict harm on Sgt. Gutierrez when petitioner said, "Take these cuffs off and I will beat your b _ _ _ _  a _ _." Petitioner was alleged to have loudly yelled, "F _ _ _  you. You're gonna give me some respect, I'm a man." It was alleged that a significant disruption of operations resulted, because the incident caused the janitors and other offender work squads to turn out late for work.

Sgt. Gutierrez testified by phone that the allegations were true. He then testified in detail that petitioner committed the alleged acts. Sgt. Gutierrez's testimony served as evidence supporting the verdicts from the disciplinary proceedings and his testimony provided sufficient evidence. *See Hudson v. Johnson*, 242 F. 3d 534, 536 (5th Cir. 2001) (prison officer's report is "some evidence" sufficient to support disciplinary action). The hearing officer credited Sgt. Gutierrez's testimony, and that credibility issue was for the hearing officer to determine as finder of fact; credibility is not an issue for this Court. *See Richards v. Dretke*, 394 F. 3d 291, 293 (5th Cir. 2004) ("a reviewing court is not required to examine the entire record of a proceeding, independently assess witness credibility, or weigh the evidence"). Petitioner's exhausted claim concerning the sufficiency of evidence and use of false statements lacks merit and is not a basis for habeas corpus relief.

**IX.**

Petitioner claims he was denied the opportunity to present a witness. Petitioner does not identify his witness, and he does not state what that witness's testimony would have been. However, at the hearing, petitioner stated he had a named witness who would testify that petitioner did not

threaten the officer. The hearing officer stipulated that the witness would testify that petitioner did not threaten the officer. The stipulation meant that the hearing officer was agreeing that if the witness testified in person, the witness would testify that petitioner did not threaten the officer. Petitioner and substitute counsel did not object or disagree with the stipulation. By stipulating to the witness's testimony, the hearing officer could take that testimony into account, and there was no need for the hearing officer to require the witness to testify in person at the hearing. Petitioner was not denied the opportunity to present a witness. Petitioner's exhausted claim about the denial of a witness lacks merit and is not a basis for habeas corpus relief.

## X.

Petitioner's unexhausted and procedurally barred claims also lack merit and are not bases for habeas corpus relief.

### A.

Petitioner claims he was arrested on false pretenses, but that is another way of stating that the evidence was insufficient. As explained elsewhere in this Memorandum Decision, Sgt. Gutierrez's testimony provided some evidence, and it was sufficient to support the verdicts. For the same reason, petitioner's unexhausted and procedurally barred claim concerning having been arrested on false pretenses also lacks merit.

### B.

Petitioner's unexhausted and procedurally barred claim that the charging officer was not present at the hearing (as the ground is read by respondent) also lacks merit. The charging officer testified by telephone, and petitioner had the opportunity to have a counsel substitute ask Sgt. Gutierrez questions, but petitioner had no questions for Sgt. Gutierrez. Therefore, petitioner was not denied the opportunity to ask questions of him.

**C.**

Petitioner's unexhausted and procedurally barred claim that there were other officers present at the confrontation who were not called as witnesses also lacks merit. Other than the named inmate, petitioner did not ask for any additional witnesses at the hearing, such as other officers who were present during the incident between Sgt. Gutierrez and petitioner. Therefore, petitioner was not denied the opportunity to call any additional witnesses.

**D.**

Petitioner's unexhausted and procedurally barred claim that evidence favorable to him was not disclosed also lacks merit. Petitioner does not identify any evidence favorable to him that was not disclosed to him. If petitioner is referring to his witness, petitioner was aware of his witness and petitioner was aware of what the witness's testimony was going to be. To the extent prison officials may have a duty to disclose favorable evidence in a disciplinary case, petitioner has not alleged facts that would show there was any non-disclosure of favorable testimony.

**E.**

Petitioner's unexhausted and procedurally barred claim that the guilty verdicts were based on his disciplinary record also lacks merit. The written record from the disciplinary hearing states petitioner's disciplinary history was a reason for the particular punishment imposed. Petitioner has not shown it is unconstitutional to take a prior disciplinary record into account in assessing disciplinary punishment.

**F.**

Petitioner's unexhausted and procedurally barred claim that the officer acted out of spite and retaliation also lacks merit. Petitioner's claim is conclusory and is unsupported by fact allegations.

In the context of 42 U.S.C. § 1983 civil rights cases, the Fifth Circuit has held that to state

a claim for retaliation, an inmate must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir.1999). Prison officials may not retaliate against an inmate for complaining to a supervisor about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.1995). A conclusory claim of retaliation is insufficient. *Id*. at 1166. However, a plaintiff may allege a chronology of events from which retaliation may be inferred. *Id*. The retaliatory adverse act cannot be so *de minimis* that it would not deter an ordinary person from further exercising his or her constitutional rights. *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Causation means that but for the retaliatory motive, the adverse action would not have occurred. *Johnson v. Rodriguez*, 10 F.3d 299, 310 (5th Cir. 1997).

The Fifth Circuit has stated:

> [P]rison officials must have wide latitude in the control and disciplining of inmates, that latitude does not encompass conduct that infringes on an inmate's substantive constitutional rights. Within that limitation we intend no undue restriction of actions legitimately motivated by concerns of prison order and discipline. . . . The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.
> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident–such as the filing of disciplinary reports as in the case at bar–would not have occurred. This places a significant burden on the inmate. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Although we decline to hold as a matter of law that a legitimate prison disciplinary report is an absolute bar to a retaliation claim, the existence of same, properly viewed, is probative and potent summary judgment evidence, as would be evidence of the number, nature, and disposition of prior retaliation complaints by the inmate.

*Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted).

Petitioner does not allege any facts to show that Sgt. Gutierrez intended to retaliate against petitioner for petitioner's exercise of some specific constitutional right. Petitioner's conclusory claim of retaliation does not entitle petitioner to relief.

## XI.

Accordingly, Petitioner's habeas corpus petition is **DENIED** and this case is **DISMISSED.** All other pending motions are **DENIED** as moot.

For the reasons set out in this Memorandum Decision, petitioner fails to make "a substantial showing of the denial of a federal right" as required by 28 U.S.C. § 2253(c)(1)(A) and Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *see also* Rules Governing Section 2254 Cases. Also for the same reasons, petitioner does not have a "good faith" non-frivolous issue for appeal as required for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3). Accordingly, petitioner is **DENIED** a certificate of appealability and **DENIED** leave to proceed in forma pauperis on appeal.

**It is so ORDERED.**

**SIGNED this 29th day of July, 2011.**

_____
**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**